IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAREN SUE SULLIVAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-04460-BH |
| | § | |
| CAROLYN W. COLVIN, ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| Defendant. | § | Consent Case |

## MEMORANDUM OPINION AND ORDER

By order filed January 15, 2013, this matter was transferred for the conduct of all further proceedings and the entry of judgment. Before the Court is the plaintiff's *Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act and Brief in Support*, filed June 28, 2014 (doc. 36). Based on the relevant filings, evidence, and applicable law, the motion is **GRANTED in part**, and the plaintiff is awarded $8,842.79 in attorney's fees, and $17.85 in costs and expenses.

## I.  BACKGROUND

On November 6, 2012, Karen Sue Sullivan (Plaintiff) filed a complaint seeking reversal and remand of the Commissioner of Social Security's (Commissioner) decision denying her claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (Doc. 1.) On March 31, 2014, the Court entered judgment, reversing and remanding the case for further proceedings. (Doc. 34.) Plaintiff then moved for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. 36.) The Commissioner does not object to the hourly rate, but does object to the number of hours claimed. (Doc. 38.)

## II.  ANALYSIS

Under EAJA, the Court must award attorney's fees and expenses if (1) the claimant is the

"prevailing party";[1] (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir.2011) (citing 28 U.S.C. § 2412(d)(1)(A)).  The attorney's fees awarded under the EAJA must be reasonable, however.  *See* 28 U.S.C. § 2412(b).  "Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor." *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996) (citation omitted).  "In determining the reasonableness of such fees, [the Fifth Circuit] has adopted the 12-factor 'lodestar' test enunciated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir.1974)."[2]  It is, however, "not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards.  *Sanders v. Barnhart*, No. 04–10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam).  The claimant has the burden of demonstrating that the hours claimed were reasonably expended on the prevailing claim.  *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir.1990).

---

[1]  To be the "prevailing party" for purposes of the EAJA, a social security claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency.  *Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993); *Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *2 (N.D.Tex. Apr. 29, 2013).

[2]  The "lodestar fee" is the product of "the number of hours reasonably expended on the litigation" multiplied "by a reasonable hourly rate." *Sandoval v. Apfel*, 86 F.Supp.2d 601, 615–16 (N.D.Tex.2000) (Fitzwater, C.J.).  "The court must then determine whether the lodestar amount should be adjusted upward or downward" using the *Johnson* factors.  *Id.*  These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the claimant or the circumstances; (8) the amount of recovery involved and the results obtained; (9) counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.  "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted).  Accordingly, the court need not examine each factor "if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders*, 2005 WL 2285403, at *2 (citation omitted).

Here, Plaintiff has requested a total of $9,115.08 in attorney's fees based on 50.3 hours of attorney work for litigating her appeal in federal court. (Doc. 36 at 4.) Counsel has submitted an itemized billing statement detailing the time that was devoted to the case. (Doc. 36-1.) The Commissioner does not dispute Plaintiff's entitlement to attorney's fees, the hourly rate requested,[3] or the amount of costs requested, but she does object to the claimed number of attorney hours as unreasonable. (Doc. 38 at 1-2.) She also contends that the attorney's fee should be made payable directly to Plaintiff, not her counsel. (*Id.* at 2-3.)

## A.   **Attorney Hours**

The Commissioner contends that spending three hours on reviewing the Court's final order and judgment, a 25-page document of which the first 16-pages were procedural and factual history of the case, was unreasonable. (Doc. 38 at 1-2.)

According to the Plaintiff's itemized billing statement, she spent three hours reviewing this Court's order and judgment. (Doc. 36-1 at 1.) By way of comparison, Plaintiff's counsel spent one hour reviewing the Administrative Law Judge's decision and other related documents prior to filing a complaint. (Doc. 36-1 at 1.) The order and judgment discussed only one out of the four issues Plaintiff raised on appeal. (*See* doc. 34.) Because the substantive portion of the order was less than nine pages involving one issue, three hours to review the order appears excessive. The hours "not reasonably expended" should be excluded from a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Accordingly, one and a half hour is deducted for reviewing the order, and a total fee

---

[3] Attorney's fees under the EAJA are subject to a statutory maximum rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). However, the court may calculate fees using a higher rate based on an increase in the cost of living or other "special factor." *Id.* Here, Plaintiff argues, and the Commissioner does not dispute, that a billing rate of $178.29 for attorney services performed in 2012, and $181.53 for services performed in 2013 and 2014, are appropriate based on a cost-of-living adjustment. (*See* doc. 36 at 4 & n. 1.)

of $8,842.79 is awarded.[4]

## B.    Receipt of Payment

The Commissioner objects to Plaintiff's request that the fee award be made payable directly to her counsel.  (Doc. 38 at 2-3.)

The Supreme Court has held that a fee award under the EAJA must be paid directly to a claimant who is found to be the "prevailing party" in the case, rather than to his attorney.  *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).  Adhering to *Ratliff*'s express holding, courts in the Fifth Circuit have declined to allow for payment to be made directly to counsel, even in cases where the fee award is not subject to any offset by the government.  *See, e.g., Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *6 (N.D. Tex. Apr. 28. 2013) ("[C]onclud [ing] that the [most] prudent course [was] to follow the express holding of *Ratliff* and require that EAJA fees be made payable to [the] Plaintiff and not his counsel"; acknowledging "the potential need to amend a final judgment should the government later learn within the relevant time frame that it is entitled to offset EAJA fees to pay a debt [owed] to the government"); *Yearout*, 2011 WL 2988421, at *3 n. 2, (same); *see also Jackson v. Astrue*, 705 F.3d 527, 531 & n. 11 (5th Cir.2013) (noting that in contrast to fees

---

[4]  In her motion for attorney's fees, Plaintiff noted that if the Commissioner "oppose[s] the instant Motion, additional attorney services will be required to prosecute this Motion[,]" and requested fees "for the hours of services rendered thus far, as well as for any supplementary time reasonable required to successfully litigate this Motion."  (Doc. 36 at 2.)  Under the EAJA, fees incurred in litigating a fee application are compensable.  *Sandoval*, 86 F.Supp.2d at 616 (citing *Powell v. Commissioner*, 891 F.2d 1167, 1170–71 (5th Cir.1990) (awarding plaintiff 28.25 hours for attorney services rendered litigating his EAJA claim); *see also Yearout v. Astrue*, No. 3:10-CV-0430-L-BH, 2011 WL 2988421, at *1 n. 1 (N.D.Tex. Mar.15, 2011) (awarding plaintiff 3.5 hours of attorney work for defending the fee application against Commissioner's objections) *rec. adopted*, 2011 WL 2990368 (N.D.Tex. July 22, 2011); *Dounley v. Astrue*, No. 3–08–CV–1388–O–BH, 2010 WL 637797, at *3 n.1 (N.D.Tex. Feb. 23, 2010) (awarding plaintiff 5.5 hours of attorney work for defending the fee application against Commissioner's objections).  Here, the Commissioner opposed Plaintiff's motion, but Plaintiff did not filed a reply.  As the time spent on this motion for attorney's fees is already included in the total fee requested, no additional fee award is required.  (*See* doc. 36-1 at 2.)

awarded under § 406(b) of the Social Security Act, "EAJA fees are paid to the claimant, who may or may not tender the award to counsel"; and that "[b]ecause the government pays EAJA fees directly to the litigant, the fees are also subject to an offset to satisfy any pre-existing debt that the litigant [may] owe[ ] to the federal government) (citing *Ratliff*, 130 S.Ct. at 2524). Accordingly, the award of attorney's fees in this case should be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

## III.  CONCLUSION

Plaintiff's motion is **GRANTED in part**, and Plaintiff is awarded $17.85 in costs and expenses, and $8,842.79 in attorney's fees as follows:

(1) 4.9 hours of attorney work for litigating Plaintiff's appeal in 2012 at an hourly rate of $178.29 ($873.62);

(2) 41.4 hours of attorney work for litigating the appeal in 2013 and 2014 at an hourly rate of $181.53 ($7,515.34); and

(3) 2.5 hours for defending Plaintiff's EAJA attorney's fees application in 2014 at an hourly rate of $181.53 ($453.83).

The award of attorney's fees in this case should be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

**SO ORDERED** on this 3rd day of November, 2014.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE